UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

        Plaintiff,                             Case No. 24-cv-13264
                                            Hon. Matthew F. Leitman

v.

MACOMB COUNTY CLERK, *et al.*,

        Defendants.

_____/

## ORDER DENYING ALL PENDING MOTIONS WITHOUT PREJUDICE

In this action, Plaintiff Dwight A. Campbell brings claims under 42 U.S.C. § 1983 against several Defendants alleging violations of his civil rights. (*See* Compl., ECF No. 1.)  Campbell has also filed multiple motions with the Court, including motions to appoint counsel, to serve his Complaint, and for an injunction. (*See* Motions, ECF Nos. 5, 8, 9, and 10.)  For the reasons explained below, the Court **DENIES** all of Campbell's motions **WITHOUT PREJUDICE**.

The Court begins with Campbell's motion to appoint counsel. (*See* Mot., ECF No. 5.)  There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed in such cases. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted).  At this early

1

stage of the case, the Court does not believe that it is necessary or appropriate to appoint counsel.  The Court therefore **DENIES** Campbell's motion **WITHOUT PREJUDICE**.  Campbell may renew his request, if appropriate, at a later stage of these proceedings.

The Court next turns to Campbell's motion for an injunction. (*See* Mot., ECF No. 8.)   In this one-page motion, Campbell says that he seeks "a preliminary injunction from [the] continue[d] unlawful, illegal seizure of Plaintiff, physical restraint of his person, by imprisonment in bad faith without probable cause." (*Id.*, PageID.17.)  The Court **DENIES** the motion **WITHOUT PREJUDICE** for two reasons.  First, Campbell has not shown, or even attempted to show, how the applicable injunction factors would support any kind of injunction here.  Much more importantly, the appropriate vehicle for a prisoner to seek release from custody is a petition for a writ of habeas corpus, not a civil action under Section 1983. *See*, *e.g.*, *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (explaining that "[g]enerally a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement. [….] Where the relief sought is a determination that [a prisoner] is entitled to immediate release or a speedier release from that imprisonment, the prisoner must pursue relief through a writ of habeas corpus, not through § 1983") (internal citations and punctuation omitted); *Goldman v. Consumers Credit Union*, 2018 WL 3089811, at * (6th Cir. Feb. 14, 2018) ("To the extent that [plaintiff] argues

that he should be released [from custody …], he may not pursue relief under § 1983 but instead must file a petition for a writ of habeas corpus").

Finally, Campbell has filed several motions to serve his Complaint and/or to "commence" this action. (Motions, ECF Nos. 5, 9, and 10.)  The Court **DENIES** those motions **WITHOUT PREJUDICE** as premature.  On January 7, 2025, the Court granted Campbell's application to proceed *in forma pauperis* in this case. (*See* Order, ECF No. 6.)  Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is likewise required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court has conducted an initial review of Campbell's Complaint, and it appears that at least some (if not all) of his claims may be subject to summary

dismissal.   The Court will promptly take a more fulsome review of Campbell's

Complaint and will issue a separate order addressing whether his claims survive

initial screening under Section 1915 and/or Section 1915A.   Once that initial

screening is complete, if any claims remain, the Court will order the Complaint to

be served at that time.

      **IT IS SO ORDERED**.

                   s/Matthew F. Leitman
                   MATTHEW F. LEITMAN
                   UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2025

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2025, by electronic means and/or ordinary mail.

                   s/Holly A. Ryan
                   Case Manager
                   (313) 234-5126