UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

       Plaintiff,

v.

       Case No. 24-cv-13264
       Hon. Matthew F. Leitman

MACOMB COUNTY CLERK
ANTHONY G. FORLINI, *et al.*,

       Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Dwight A. Campbell is a pre-trial detainee currently confined in the Commonwealth of Pennsylvania. On December 9, 2024, Campbell filed a *pro se* civil-rights Complaint pursuant to 42 U.S.C. § 1983 against Macomb County Clerk Anthony G. Forlini, the Governor of Michigan (Gretchen Whitmer), the Macomb County Sheriff's Department, Macomb County Circuit Court Judge James Biernat, the Madison Heights Police Department, Blair County, Pennsylvania Judge Jackie A. Bernard, and PNC Bank. (*See* Compl., ECF No. 1.) Campbell's Complaint is difficult to follow, but it appears that he (1) challenges his extradition from Michigan to Pennsylvania which occurred prior to the filing of his Complaint, (2) seeks relief from his criminal and habeas proceedings in Pennsylvania (before Judge Bernard), (3) alleges that the Madison Heights Police Department improperly seized his

1

vehicles, (4) alleges that PNC Bank improperly allowed a cell phone provider and an insurance company to withdraw funds from his account, and (5) alleges that Macomb County Clerk Forlini has limited his access to the courts. (*See id.*)

Campbell sues Forlini and Judge Bernard in their individual and official capacities, and he sues the other Defendants in their official capacities only. He seeks an injunction to be returned to Michigan from Pennsylvania and to be given a pre-transfer extradition hearing. He also seeks monetary damages of varying amounts from each of the Defendants.

The Court has conducted a preliminary screening of Campbell's Complaint, and for the reasons explained below, the Court dismisses all of Campbell's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I**

On January 7, 2025, the Court granted Campbell *in forma pauperis* status in this action. (*See* Order, ECF No. 6.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is likewise required to dismiss a complaint against government entities, officers, and employees before service if it determines

that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See* Denton *v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

     A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints, including those filed by *pro se* plaintiffs, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While this pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a claim under Section 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II

### A

Campbell has failed to state a viable claim against any of the Defendants. The Court begins with his claim against PNC Bank. That claim must be dismissed because PNC Bank is a private institution, not a state actor subject to suit under Section 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (citing *American*). Courts have therefore routinely held that banks and credit unions like PNC Bank are "not state actors." *Daniels v. Charter One Bank*, 39 F.App'x 223, 225 (6th Cir. 2002) (dismissing claim against Charter One bank because "Charter One is not a state actor subject to liability under § 1983, the Fourth Amendment, or the Fourteenth Amendment"). And while a private entity may be liable for alleged civil rights violations under Section 1983 when its conduct is "fairly attributable" to the state,

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001), Campbell has not alleged any facts that could show that PNC Bank acted at the behest of, or in concert with, state officials.

For all of these reasons, Campbell's claims against PNC Bank must be dismissed.

**B**

The Court next turns to Campbell's claims against the Macomb County Sheriff's Department and the Madison Heights Police Department. Those claims must be dismissed because those entities are not subject to suit under Section 1983. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. 42 U.S.C. § 1983. It is well-settled that governmental agencies, such as sheriff and police departments, are not "persons" or legal entities subject to suit under Section 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (explaining that a police department is not a proper defendant in a civil rights case under Section 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a "Sheriff's Department is not a legal entity subject to suit" under Section 1983)., Campbell's claims against the Macomb County Sheriff's Department and the Madison Heights Police Department therefore must be dismissed.

## C

Next, Campbell's claims against the Governor of Michigan and Judge Biernat must be dismissed. First, any claims against Judge Biernat are barred by judicial immunity. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Second, and in any event, because these claims arise out of Campbell's extradition to Pennsylvania, they must be dismissed for failure to state a claim upon which relief may be granted under Section 1983. In his Complaint, Campbell appears to contest the extradition procedures that transpired after he was detained in Michigan and then transported to Pennsylvania. In particular, he alleges that his signature was forged on a waiver of extradition form and that his complaints to the Governor of Michigan and Judge Biernat went unanswered.

The United States Court of Appeals for the Sixth Circuit has held that the failure to comply with extradition procedures does not state a claim under Section 1983. *See Barton v. Norrod*, 106 F.3d 1289, 1295 (6th Cir. 1997). As that Court explained:

> [T]he constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states. Thus, failure to comply with established procedures does not deprive the fugitive of any protected right. To hold otherwise would mean that, even in a situation of hot pursuit and an uncertain border, a fugitive would have secured a variety of valuable personal rights simply by making it ... across the state line. Section 1983, unlike football, should not be a game of inches.

\* \* \*

> While we do not condone officials who fail to comply with extradition procedures, a fugitive's rights are sufficiently protected by those limitations placed on the demanding state by the Constitution when determining his guilt or innocence. And the Constitution "is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards." Allowing an additional layer of constitutional challenge affords the fugitive little benefit while placing an unnecessary burden on the extradition process, something the Supreme Court has stressed must not be done.

*Id*. at 1298-1299 (citations omitted). In short, "[o]nce a fugitive is returned to the demanding state, the right to challenge extradition becomes moot; the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Id*. at 1298. In this case, Campbell was returned to the demanding state, Pennsylvania before he instituted this action. Thus, the legality of his extradition from Michigan cannot support a claim for relief under Section 1983, and those claims must be dismissed. *See, e.g., Watkins v. Davids*, No. 23-11472, 2023 WL 5019507, \*2 (E.D. Mich. Aug. 7, 2023) (summarily dismissing claims arising out of extradition).

**D**

The Court next turns to Campbell's claim against Macomb County Clerk Anthony G. Forlini. Campbell alleges that Forlini has not allowed him to initiate

7

legal proceedings against the other Michigan Defendants. The Court construes this as claim alleging a lack of access to the courts. Inmates have a constitutional right of access to the courts that the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-825 (1977). To state a denial of access to the courts claim under Section 1983, a plaintiff must make some showing of prejudice or actual injury, *i.e.*, that he or she was prevented from filing a non-frivolous action due to the challenged conduct. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). A plaintiff must also allege facts indicating that the deprivation was the result of intentional conduct. *See Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006) ("In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003)). Here, Campbell has failed to plead any facts that could show that he was prevented from filing a non-frivolous action. Nor has pleaded any facts that could show that Forlini acted intentionally to violate his rights. Campbell's claim against Forlini therefore must be dismissed.

### E

Next, to the extent that Campbell brings any claims against Judge Bernard, the Judge overseeing his state criminal and habeas proceedings in Pennsylvania, those claims fail for two reasons. First, Judge Bernard would have judicial immunity from any claims Campbell seeks to bring in this case. *See*, *e.g.*, *Mireles*,

502 U.S. at 9-10. Moreover, this Court would not be the proper venue for those claims. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). When venue is improper, a district court may dismiss the case. *See* 28 U.S.C. § 1406(a).

In this case, Campbell says that Judge Bernard resides in Blair County, Pennsylvania, and the challenged state criminal and/or habeas proceedings occurred or are pending there as well. Thus, even if Judge Bernard were not immune, the proper venue for any such claims would be the United States District Court for the Western District of Pennsylvania, 28 U.S.C. § 118(c), not this Court.

## IV

For all of the reasons explained above, the Court concludes that Plaintiff's Complaint must be summarily dismissed. The Court further concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

                                        s/Matthew F. Leitman
                                        MATTHEW F. LEITMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: April 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2025, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126