UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

       Plaintiff,

v.

MACOMB COUNTY CLERK
ANTHONY G. FORLINI, *et al.*,

       Defendants.

Case No. 24-cv-13264
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT (ECF No. 15)

Plaintiff Dwight A. Campbell is a pre-trial detainee currently confined in the Commonwealth of Pennsylvania. On December 9, 2024, Campbell filed a *pro se* civil-rights Complaint in this Court pursuant to 42 U.S.C. § 1983 against Macomb County Clerk Anthony G. Forlini, the Governor of Michigan (Gretchen Whitmer), the Macomb County Sheriff's Department, Macomb County Circuit Court Judge James Biernat, the Madison Heights Police Department, Blair County, Pennsylvania Judge Jackie A. Bernard, and PNC Bank. (*See* Compl., ECF No. 1.)

The Court granted Campbell leave to proceed *in forma pauperis* (*see* Order, ECF No. 6), conducted a preliminary screening of Campbell's Complaint, and

1

summarily dismissed that pleading pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for several reasons, including that certain Defendants were not subject to suit and for failing to state a claim upon which relief may be granted. (*See* Order, ECF No. 12.)

On May 20, 2025, Campbell filed a motion for reconsideration and for relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). (*See* Mot., ECF No. 15.)   The Court has carefully reviewed the motion and **DENIES** it.

First, Campbell has not shown that he is entitled to relief under Rule 59(e). A district court may grant a motion to alter or amend a judgment under Rule 59(e) if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. United States Fish & Wildlife Svs.*, 616 F.3d 612, 615 (6th Cir. 2010)).  Campbell makes no such showing here.  He merely disagrees with the Court's legal rulings.  But a motion under Rule 59(e) may not be used to relitigate issues of disagreement with a court's initial ruling. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively reargue a case"); *Sault Ste.*

2

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Campbell is therefore not entitled to relief under Rule 59(e).

Campbell has also not shown an entitlement to relief under Rule 60(b). Under that rule, a court may grant relief from a final judgment only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). Campbell has not shown how any of those reasons applies here. The Court remains persuaded that it properly dismissed Campbell's Complaint for all of the reasons stated in the dismissal order.

For all of the reasons explained above, Campbell's motion for reconsideration and for relief from judgment (ECF No. 15) is **DENIED**.  This case remains closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4